**Lyle H. BUDD Petitioner,**

v.

**Don R. ERICKSON, Respondent.**

**Civ. No. 73–4001.**

United States District Court,
D. South Dakota, S. D.

March 9, 1973.

John L. Wilds, Sioux Falls, S. D., for petitioner.

Walter W. Andre, Asst. Atty. Gen., Pierre, S. D., for respondent.

## MEMORANDUM DECISION

NICHOL, Chief Judge.

Lyle H. Budd is incarcerated in the South Dakota State Penitentiary serving a five year sentence on a plea of guilty to third degree forgery in Hutchinson County Circuit Court, First Judicial Circuit, State of South Dakota. Pursuant to 28 U.S.C. Sec. 2241, Budd petitions this court for a writ of habeas corpus contending his conviction and sentence were imposed in violation of his federal constitutional rights in that he was deprived of the right to a speedy trial as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution, and denied "fundamental procedural fairness" required by the Fourteenth Amendment.

Petitioner's claim is based upon a sequence of events occurring between June, 1968, and July, 1972, which can best be related by a chronology similar to the one petitioner's counsel furnished this court.[1]

1. See Petitioner's Exhibit 5.

June 27, 1968—Petitioner forges a check payable to Vern's Body Shop for $15.-00.

July 16, 1968—Petitioner is sentenced to serve eighteen months in the South Dakota Penitentiary on other charges.

The owner of Vern's Body Shop, Vern Wermers, testified that three to four months after taking the forged check, which had been processed through his bank, he turned it over to the Sheriff for collection, signing what he believed was a complaint.

October 17, 1969—Petitioner is released from the Penitentiary.

February 16 to April 21, 1970—Petitioner writes three bad checks in the Yankton, South Dakota, area.

August 25, 1970—Petitioner pleads guilty to the Yankton check charges and is sentenced to two concurrent nine month sentences in the Yankton County Jail.

April 20, 1971—Petitioner is released from the Yankton County Jail. (There is a dispute as to whether Budd actually finished this sentence or whether he simply walked away from the jail. In the habeas corpus hearing before this court Jeff Scott, Yankton County Sheriff, maintained that Budd still had time to serve on the two nine month sentences. For the purposes of this action we do not decide this question.)

May 18, 1971—Budd comes into the custody of the Hutchinson County Sheriff following an altercation on the John Carter farm.

May 18, 1971—A complaint signed by Vern Wermers is filed before the Justice of the Peace of Hutchinson County charging Lyle H. Budd with third degree forgery.

May 24, 1971—Petitioner pleads guilty to the above complaint and is sentenced to five years in the state penitentiary.

March 23, 1972—Budd's petition for postconviction relief, asserting deprivation of the right to a speedy trial, is denied.

May 12, 1972—Petitioner, pro se, applies for a certificate of probable cause from Judge Biegelmeier of the South Dakota Supreme Court. (Petitioner's Ex. 2)

May 15, 1972—The application was denied per letter of Administrative Assistant. (Petitioner's Ex. 2)

June 27, 1972—David Vrooman, attorney at law, applies for a certificate of probable cause from the South Dakota Supreme Court contending, primarily, that petitioner's rights had been violated and prejudiced by the three year delay in bringing the Wermers' charge. (Petitioner's Ex. 3)

July 5, 1972—Vrooman's request was denied by Judge Hanson per the Administrative Assistant's letter. (Petitioner's Ex. 4)

■ This court's initial concern in this matter is whether or not Budd has exhausted his state court remedies, as required under 28 U.S.C. Sec. 2254(b), prior to seeking federal relief. The State contends that until a full evidentiary hearing is held in the state courts with regard to the voluntariness of petitioner's guilty plea, the plea evidencing a waiver of petitioner's constitutional right to a speedy trial, he has not exhausted his state remedies. Budd contends that he has exhausted his state remedies by requesting certificates of probable cause, based upon the issues he now urges before this court, which were denied by two South Dakota Supreme Court judges.

■ I find petitioner has exhausted his state remedies by seeking postconviction relief through SDCL 23–52–16 (Supp. 1972) [2], which was denied twice.

2. SDCL 23–52–16 (Supp.1972) provides: Certificate of probable cause required for appeal to Supreme Court—Time for appeal.—A final judgment entered under this chapter may not be reviewed by the Supreme Court of this state on appeal unless the circuit judge who renders the judgment or a judge of the Supreme Court

The State has not shown how petitioner could acquire the evidentiary hearing it claims is necessary for exhaustion. In addition, waiver of this fundamental right must be done intelligently with full knowledge of the privilege. Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). It has not been shown that Budd, at the time of his guilty plea, was sufficiently aware of the factual background of the complaint in this action to intelligently waive the constitutional right to a speedy trial.

■ Budd contends that his Sixth Amendment right to a speedy trial was denied by the action of the Hutchinson County authorities in waiting nearly three years to bring the present charge. This delay, he urges, has resulted in actual prejudice in that if the charge had been brought in timely fashion, while he was serving time on previous charges, he could have served the two concurrently and not be subject to what is now, in effect, a longer consecutive sentence.

The applicant's argument would have merit if it were not for the United States Supreme Court holding in United States v. Marion, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971). The Court held there that "the Sixth Amendment speedy trial provision has no application until the putative defendant in some way becomes an 'accused', . . ." 404 U.S. at 313, 92 S.Ct. at 459. That event, under South Dakota law, would occur when prosecution is commenced by either indictment, presentment, or information.[3] Mr. Wermers signed what he believed was a complaint when

he turned the forged check over to Hutchinson County authorities. That act did not make Lyle H. Budd an "accused" as required in *Marion* because the signed complaint did not complete the statutory procedure for initiating criminal prosecutions. SDCL 23-2-5 (1967).

The United States Supreme Court thoroughly analyzed the question of *when* in the criminal proceeding the Sixth Amendment right should attach, and made this determination:

So viewed, it is readily understandable that it is either a formal indictment or information or else the actual restraints imposed by arrest and holding to answer a criminal charge that engages the particular protections of the speedy trial provision of the Sixth Amendment.

404 U.S. at 320, 92 S.Ct. at 463.

If Mr. Wermers did sign a complaint three to four months after receiving the forged check, that act, of itself, was insufficient to initiate proceedings under South Dakota law to place petitioner in the position of being an "accused" and invoking the right to a speedy trial.

■ Petitioner has not shown that the delay in commencing prosecution was oppressive and improperly motivated. The Court in *Marion, supra*, recognized this problem.

Allowing inquiry into when the police could have arrested or when the prosecutor could have charged would raise difficult problems of proof. As one court said, "the Court would be en-

issues a certificate of probable cause that an appealable issue exists. The issuance or refusal to issue a certificate of probable cause shall not be appealable. An appeal may be brought by either the petitioner or the state within six months from the entry of the judgment.

3. SDCL 23-2-5 (1967) provides:
Indictment, presentment or information required for prosecution—Exceptions.— Every public offense must be prosecuted by indictment, presentment, or information, except:

(1) A proceeding for the removal of a civil officer of this state;
(2) An offense arising under the laws, rules, and regulations relating to the national guard;
(3) An offense arising under the laws of this state or an ordinance, rule, or regulation of any city, town, commission, board, or officer, where the punishment is a fine not exceeding one hundred dollars, or imprisonment not exceeding thirty days, or both such fine and imprisonment.

gaged in lengthy hearings in every case to determine whether or not the prosecuting authorities had proceeded diligently or otherwise. (citation omitted)."

United States v. Marion, 404 U.S. 307, 321, n. 13, 92 S.Ct. 455, 464, 30 L.Ed.2d 468 (1971). This is, apparently, a troublesome issue and for the purposes of this writ I find petitioner was not shown to have been denied "fundamental procedural fairness."

The writ of habeas corpus is denied.

This memorandum decision constitutes the court's findings of fact and conclusions of law under Rule 52 of the Federal Rules of Civil Procedure.

